UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE JORDAN TIMCO,

    Plaintiff,

v.

STERLING HEIGHTS
POLICE DEPARTMENT, *et al.*,

    Defendants.

_____/

Case No. 23-11132

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2], DENYING PLAINTIFF'S "REQUEST FOR RELIEF/INJUNCTION AND CONFIDENTIALITY" [4], AND SUMMARILY DISMISSING COMPLAINT**

Plaintiff Kyle Jordan Timco brings this pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has also filed an application to proceed without prepaying fees or costs (ECF No. 2) and a "request for relief/injunction & confidentiality" (ECF No. 4). The Court has reviewed Plaintiff's application and GRANTS his request to proceed in forma pauperis. For the reasons discussed below, however, the Court DENIES Plaintiff's request for injunctive relief and confidentiality and DISMISSES this case.

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs ("in forma pauperis" or "IFP") if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his family with the necessities of life. *Adkins v. E.I. DuPont de*

1

*Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff's declaration indicates that he is unemployed and does not have any assets. Based on this declaration, the Court grants Plaintiff's application to proceed IFP.

## II. Plaintiff's Complaint

### A. Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)*, overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B).

### B. Analysis

The crux of Plaintiff's complaint is that he was allegedly wrongfully detained and arrested following "a severe mental health crisis and car accident." He alleges that his finger was broken while he was being handcuffed in the back of the ambulance. Plaintiff states he made a complaint regarding the arresting officers' behavior but never received a response. Plaintiff also alleges he was issued a ticket for operating under the influence in retaliation for that complaint. Plaintiff takes issue with the public defender's advice during the proceeding related to that ticket and the district court's handling of the matter.

The Court first notes that while Plaintiff may wish to bring an unlawful arrest or excessive force claim against the arresting officers, Plaintiff admits that he does not know

2

the identity of those officers.[1] Plaintiff also does not identify the officers or individuals involved in the issuance of the ticket. Plaintiff instead lists the following defendants in the caption of his complaint: the Sterling Heights Police Department, the Sterling Heights Fire Department, Beaumont Hospital, Michigan Municipal Risk Management, and the City of Sterling Heights. As will be discussed below, Plaintiff's claims against these defendants are subject to dismissal. Plaintiff also lists a number of individuals under a section of the complaint entitled "Defendants." But Federal Rule of Civil Procedure 10(a) requires the plaintiff to name all of the parties in the title of the complaint. While some courts have determined that failure to comply with Rule 10(a) is not fatal and an individual not named in the caption but discussed in the body of the complaint may be considered a party, *see Burley v. Quiroga*, No. 16-cv-10712, 2019 U.S. Dist. LEXIS 125130, at *40-47 (E.D. Mich. June 6, 2019), *report and recommendation adopted* 2019 U.S. Dist. LEXIS 124061 (E.D. Mich. July 25, 2019), several of the individuals listed by Plaintiff are never mentioned again in the complaint, and it is unclear who they are or how they were involved in the underlying events. Thus, under these circumstances, they cannot be considered parties to the present lawsuit. Moreover, Plaintiff has failed to state a claim against the individuals who are identified elsewhere in the complaint, as will be discussed below.

   1.   **The Named Defendants**

With regard to the City of Sterling Heights' police and fire departments, they are not proper defendants in this civil rights action. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("[T]he district court was correct in ruling that under Michigan

---

[1] Plaintiff states that because he was covered with a blanket while in the back of the ambulance, he cannot identify the officers who arrested him.

law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."). And to the extent Plaintiff names the City of Sterling Heights itself as a defendant, a municipality may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, to hold a municipality liable, Plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, there is no suggestion that there was any municipal policy or custom that gave rise to the alleged constitutional violations. Thus, any § 1983 claims against the municipal defendants are dismissed.

Plaintiff also names Beaumont Hospital and the Michigan Municipal Risk Management Authority ("MMRMA") as defendants in this case. There are no factual allegations related to Beaumont Hospital and thus the nature of any claims against this entity is unclear. More importantly, the second element of a claim under § 1983 is that the alleged constitutional deprivation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Beyond a conclusory statement regarding all of the defendants acting under color of state law, there are no facts that could lead to a finding that Beaumont Hospital "exercised power possessed by virtue of state law." *See id.* at 49 (internal quotation marks and citation omitted). With regard to the MMRMA, presumably the insurance carrier for the City of Sterling Heights, Plaintiff simply states that individuals with this entity were unable to help him resolve his complaint. Even when construed liberally in favor of Plaintiff, this factual allegation does

4

not give rise to any constitutional claim. Thus, any § 1983 claims against Beaumont Hospital and the MMRMA are dismissed as well.

### 2.     Allegations Regarding Other Individuals

The only individuals listed by Plaintiff in the body of the complaint with some accompanying information are "Ranking Lieutenant Bastianelli," Kristina Joseph, Megan Finkel, "Kathryn Wiegand," Robert Armstrong, and Sydney Hilgendorf. The Court will address the allegations related to each individual in turn.

Plaintiff states that he spoke to Ranking Lieutenant Bastianelli after filing his complaint about the underlying arrest but did not receive a formal response to his complaint in writing. He also alleges, more generally, that the police department withheld the video of the officer breaking his finger and only provided portions of the video that relieved the officers of any wrongdoing despite his request under the Freedom of Information Act ("FOIA"). "[T]he doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, unless it is shown that the defendant encouraged the specific incident of misconduct or in some other way directly participated in it." *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (internal quotations and citation omitted). There are no such allegations here. And even if the Court were to liberally construe Plaintiff's allegations as an attempt to bring an "access to courts" claim, they do not amount to a constitutional claim against Bastianelli. *See Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997) (finding allegations of a cover-up did not amount to a constitutional violation because there was no "evidence that the defendants' actions actually rendered any available state court remedy ineffective").

Plaintiff also takes issue with how his public defender, Kristina Joseph, handled his case. He states she did not prioritize it and "basically forced" him to plead no contest due to having no recollection of the events—an assertion he denies is true. But Plaintiff may not bring a claim under § 1983 against his public defender. *See Huffman v. Lee*, No. 3:22-CV-9-DCLC-DCP, 2022 U.S. Dist. LEXIS 22358, at *9 (E.D. Tenn. Feb. 8, 2022); *see also Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Plaintiff also alleges that his probation officer, Megan Finkel, and the state judge, Judge Wiegand, did not do anything about the incident despite the fact that he informed them of what of what had occurred. But any claims against the probation officer are barred by quasi-judicial immunity, *see Loggins v. Franklin County*, 218 F. App'x 466, 476 (6th Cir. 2007), and the claims against the judge are barred by judicial immunity, *see Mireles v. Waco*, 502 U.S. 9, 9-13 (1991).

Finally, Plaintiff states that an individual with the MMRMA by the name of Robert Armstrong "acted oblivious" to his claims and informed him that officials are protected by principles of immunity and that an individual by the name of Sydney Hilgendorf erroneously told him that video footage is deleted within thirty days of the incident. Robert Armstrong appears to be a private individual. And in any case, these allegations do not amount to any type of constitutional claim.

In sum, Plaintiff has failed to state a constitutional claim against the named defendants, and his complaint is dismissed with prejudice under § 1915(e)(2)(B). To the extent Plaintiff's complaint may be construed as bringing constitutional claims against Bastianelli, Joseph, Finkel, Wiegand, Armstrong, and Hilgendorf, those claims are

6

dismissed with prejudice as well. To the extent Plaintiff attempts to bring a claim under the FOIA or any other state law claim against any party, the Court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice to refiling in the appropriate state forum.

### III. Plaintiff's "Request for Relief/Injunction & Confidentiality"

Plaintiff also requests "confidentiality," noting that a previous case he filed in this district may be found by a simple Google search. However, there is "a common-law right of access to judicial records." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). "Only the most compelling reasons can just justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted). Here, Plaintiff has not identified any compelling interest that would justify sealing the complaint. Thus, Plaintiff's request for confidentiality is denied. And to the extent Plaintiff seeks injunctive relief related to his underlying claims, the dismissal of his complaint renders that request moot.

### IV. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, his request for injunctive relief and confidentiality is DENIED, and his complaint is DISMISSED.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: May 19, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 19, 2023, by electronic and/or ordinary mail.

                                <u>s/Lisa Bartlett</u>
                                Case Manager